Clifford Tucker, Esq.
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2240
Email: CTucker@saccofillas.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| MONICA JOHNSON, *on behalf of herself and all others similarly situated*, | CASE NO.: |
| Plaintiff, | **COMPLAINT** |
| -against- | **FLSA COLLECTIVE ACTION** |
| MTA NEW YORK CITY TRANSIT, | |
| Defendant. | |

---------------------------------------------------------X

## I. INTRODUCTION

Plaintiff MONICA JOHNSON ("Johnson"), by and through her counsel, the law firm of Sacco & Fillas, LLP, for her complaint against MTA NEW YORK CITY TRANSIT ("Defendant"), states as follows:

## II. PARTIES

1.      Plaintiff is a former employee of the Defendant MTA NEW YORK CITY TRANSIT.  She brings this action to remedy Defendant's violation of federal law as set forth herein. Plaintiff Johnson brings this action on behalf of herself, and other employees similarly situated as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) because of Defendant's unlawful deprivation of Plaintiff's right to overtime compensation. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and

1

other relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq., and under claims for promissory estoppel and unjust enrichment.

    2.     Plaintiff has given her written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b). Such written consent is appended to this Complaint as Exhibit A. The written consent form sets forth the Plaintiff's name and address.

    3.     Plaintiff brings this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the Defendant on behalf of herself and all others similarly situated because of Defendant's unlawful deprivation of Plaintiff's rights to overtime compensation under the FLSA.

## III. JURISDICTION AND VENUE

    4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over Plaintiff's common law claims under 28 U.S.C. § 1367(a).

    5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

    6.     In each year from 2018 to the present date, Defendant has had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

    7.     In addition, upon information and belief, Defendant and/or its enterprise has been directly engaged in interstate commerce.

## IV. FACTS

    8.     Plaintiff was, and at all times material herein has been, employed by Defendant MTA NEW YORK CITY TRANSIT, in the position of "Associate Transit Management Analyst."

    9.     Plaintiff has worked for Defendant since approximately February 10, 1997.

10. Plaintiff brings this action on behalf of herself and all other similarly situated analysts who work or have always worked for Defendant material herein.

11. Plaintiff brings this action for a declaratory judgment, back pay, unpaid overtime pay, and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

12. Plaintiff, while employed by Defendant, has been at all material times an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

13. Defendant MTA NEW YORK CITY TRANSIT, among other things, is a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

14. Defendant MTA NEW YORK CITY TRANSIT was and remains a public benefit corporation pursuant to N.Y. Pub. Auth. Law § 1200 et seq.

15. Defendant MTA NEW YORK CITY TRANSIT has a principal office and place of business located at 130 Livingston Plaza, Brooklyn, NY 11201.

16. Defendant MTA NEW YORK CITY TRANSIT administers approximately 24 subway lines with 468 stations within Manhattan, the Bronx, Brooklyn, and Queens, as well as the Staten Island Railway and the New York City buses.

17. Within the last three years and continuing to date, while working in the position of Associate Transit Management Analyst on behalf of Defendant, Plaintiff's job duties included coordinating procurement of train and track-making and maintenance materials, preparing summary reports, and coordinating installation of new or modified systems and equipment.

18. Defendant was required to pay overtime pay for hours worked over 40 in a workweek at a rate not less than time and one-half their regular rates of pay, i.e., time-and-a-half of the regular hourly rate, i.e., "straight-time."

19. Defendant paid Plaintiff Johnson in bi-weekly pay periods covering approximately fourteen days, not seven.

20. Upon information and belief, by calculating Plaintiff Johnson's hourly pay in bi-weekly pay periods covering more than seven days at a time, Defendant did not lawfully calculate overtime pay of time-and-a-half owed to Plaintiff Johnson in each week in which she worked more than forty (40) hours.

21. Upon information and belief, for example, for the bi-weekly period ending October 12, 2018, from October 1 to October 5, 2018, Plaintiff Johnson worked approximately 39 hours and from October 8 through October 12, 2018, Plaintiff Johnson worked approximately 41 hours, but Defendant paid the straight-time hourly rate for all hours worked.

22. Upon information and belief, similarly, for the bi-weekly period ending November 9, 2018, from October 29 to November 1, 2018, Plaintiff Johnson worked approximately 41 hours and from November 5 to 9, 2018, she worked approximately 39 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

23. Upon information and belief, for the bi-weekly period ending December 7, 2018, from November 26 to 30, 2018, Plaintiff Johnson worked approximately 45 hours and from December 3 to 7, 2018, Plaintiff Johnson worked approximately 44 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

24. Upon information and belief, for the bi-weekly period ending December 21, 2018, from December 10 to 14, 2018, Plaintiff Johnson worked approximately 45 hours and from December 17 to 21, 2018, Plaintiff Johnson worked 7 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

25. Upon information and belief, for the bi-weekly period ending October 27, 2017, from October 16 to 18, 2017 Plaintiff Johnson worked approximately 26 hours and from October

4

23 to 27, 2017, Plaintiff Johnson worked approximately 45 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

26. Upon information and belief, for the bi-weekly period ending November 10, 2017, from October 30 to November 3, 2017, Plaintiff Johnson worked approximately 45 hours and from November 6 to 9, 2017, Plaintiff Johnson worked approximately 38 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

27. Upon information and belief, for the bi-weekly period ending March 30, 2018, from March 19 to 23, 2017, Plaintiff Johnson worked approximately 50 hours and from March 26 to 30, 2017, Plaintiff Johnson worked approximately 48 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

28. Upon information and belief, for the bi-weekly period ending August 31, 2018, from August 20 to 24, 2018, Plaintiff Johnson worked approximately 46 hours and from August 27 to 29, 2018, Plaintiff Johnson worked approximately 28 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

29. Upon information and belief, for the bi-weekly period ending September 28, 2018, from September 17 to 21, 2018, Plaintiff Johnson worked approximately 42 hours and from September 24 to 28, 2018, Plaintiff Johnson worked approximately 38 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

30. Upon information and belief, for the bi-weekly period ending October 12, 2018, from October 1 to 5, 2018, Plaintiff Johnson worked approximately 39 hours and from September 24 to 28, 2018, Plaintiff Johnson worked approximately 41 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

31. Upon information and belief, for the bi-weekly period ending November 9, 2018, from October 29 to November 2, 2018, Plaintiff Johnson worked approximately 41 hours and from

November 5 to 9, 2018, Plaintiff Johnson worked approximately 39 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

32. Upon information and belief, for the bi-weekly period ending December 7, 2018, from November 26 to 30, 2018, Plaintiff Johnson worked approximately 45 hours and from December 3 to 7, Plaintiff Johnson worked approximately 44 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

33. Upon information and belief, for the bi-weekly period ending December 21, 2018, from December 10 to 14, 2018, Plaintiff Johnson worked approximately 45 hours and from December 17 through 20, 2018, Plaintiff Johnson worked approximately 7 hours, but Defendant paid only the straight-time regular hourly rate for all hours worked.

34. Upon information and belief, from April 2 to 15, 2016, Plaintiff Johnson worked approximately 122 hours, but Defendant paid Plaintiff Johnson the straight-time regular rate of $38.05 for each hour worked, without time-and-a-half overtime.

35. Upon information and belief, from February 4 to 17, 2017, Plaintiff Johnson worked approximately 96 hours, but Defendant paid Plaintiff Johnson in straight-time of $41.22 for 70 hours, $40.10 for 6 hours, $40.12 for 8 hours, and $41.22 for 12 hours, without time-and-a-half overtime.

36. Upon information and belief, from March 3 to 16, 2018, Plaintiff Johnson worked approximately 119 hours, but Defendant paid Plaintiff Johnson in straight-time of $46.25 per hour, without time-and-a-half overtime.

37. Upon information and belief, from June 9 to 22, 2018, Plaintiff Johnson worked over forty (40) hours per week, but Defendant paid Plaintiff Johnson in straight-time of $45.34 and $46.25 per hour, without time-and-a-half overtime.

38. Upon information and belief, from March 31 to April 13, 2018, Plaintiff Johnson worked approximately 95 hours, but Defendant paid Plaintiff Johnson in straight-time of $46.25 per hour, without time-and-a-half overtime.

39. Upon information and belief, from March 17 to 30, 2018, Plaintiff Johnson worked approximately 91 hours, but Defendant paid Plaintiff Johnson in straight-time of $46.25 per hour, without time-and-a-half overtime.

40. Upon information and belief, from July 21 to August 3, 2018, Plaintiff Johnson worked approximately 136 hours, but Defendant paid Plaintiff Johnson in straight-time of $47.17 per hour for 78 hours, $46.25 for 58 hours, without time-and-a-half overtime.

41. Upon information and belief, from September 1 to 14, 2018, Plaintiff Johnson worked approximately 120 hours, but Defendant paid Plaintiff Johnson in straight-time of $47.17 for all hours, without time-and-a-half overtime.

42. Upon information and belief, from November 9 to 22, 2019, Plaintiff Johnson worked approximately 102 hours, but Defendant paid Plaintiff Johnson in straight-time of $47.17 per hour for 102 hours, without time-and-a-half overtime.

43. Upon information and belief, from February 15 to 28, 2020, Plaintiff Johnson worked approximately 146.75 hours, but Defendant paid Plaintiff Johnson in straight-time of $47.98 for 81.5 hours and $47.17 for 65.25 hours, without time-and-a-half overtime.

44. Upon information and belief, from May 9 to 22, 2020, Plaintiff Johnson worked approximately 81 hours, but Defendant paid Plaintiff Johnson in straight-time of $47.98 for all hours worked, without time-and-a-half overtime.

45. Upon information and belief, from May 9 through May 22, 2020, Plaintiff Johnson was paid $47.98 per hour for 81 hours of work.

46. Upon information and belief, from March 3, through March 16, 2018, Plaintiff Johnson was paid $46.25 for 119 hours of work and was paid $23.12 for 24 hours of work.

47. Upon information and belief, from June 9 through 22, 2018, Plaintiff Johnson was not paid time-and-a-half overtime rate for all hours worked over forty (40) per week.

48. Upon information and belief, Defendant failed to pay time-and-a-half overtime rate for all hours worked in excess of forty (40) per week.

49. Upon information and belief, positions were left vacant following retirement of Defendant's employees, which increased the workload on the remaining staff members, such as Plaintiff Johnson.

50. Plaintiff Johnson submitted a request(s) in 2017 for overtime cap waivers because her work exceeded 40 hours per week.

51. Plaintiff Johnson submitted a request(s) in 2018 for overtime cap waivers because her work exceeded 40 hours per week.

52. Plaintiff Johnson submitted a request(s) in 2020 for overtime cap waivers because her work exceeded 40 hours per week.

53. Plaintiff also emailed Defendant's employees and agents to obtain payment for her overtime worked and emailed justifications to support her overtime claims.

54. Upon information and belief, Defendant did not refute Plaintiff's overtime claims.

55. Upon information and belief, Defendant did not refute Plaintiff's overtime justifications.

56. Defendant did not pay Plaintiff her requested overtime.

V. **DEFENDANTS' GENERAL EMPLOYMENT PRACTICES**

57. At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiff Johnson (and all similarly situated employees) to work in excess of 40 hours a

week without paying appropriate minimum wage and overtime compensation as required by federal laws.

58. Plaintiff Johnson has been a victim of Defendant's common policy and practices which violate his rights under the FLSA by, inter alia, not paying the wages she has been owed for the hours she has worked.

59. Defendant has habitually required, suffered, and/or permitted Plaintiff Johnson to work additional hours beyond her regular shifts but has not provided her with any additional compensation.

60. Upon information and belief, Defendant has willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

61. Upon information and belief, these practices by Defendant have been done willfully to disguise the actual number of hours Plaintiff Johnson (and similarly situated individuals) worked, and to avoid paying Plaintiff Johnson properly for her full hours worked.

62. Defendant engaged in its unlawful conduct pursuant to a policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

63. Defendant's unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Johnson and other similarly situated workers.

## VI. FLSA COLLECTIVE ACTION CLAIMS

64. Plaintiff Johnson brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendant or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65. At all relevant times, Plaintiff Johnson and other members of the FLSA Class have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

66. The claims of Plaintiff Johnson stated herein are similar to those of the other employees.

## VII. FIRST CAUSE OF ACTION: VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67. Plaintiff Johnson repeats and reallages all paragraphs above as though fully set forth herein.

68. Defendant, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Johnson (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

69. Defendant's failure to pay Plaintiff Johnson (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

70. Defendant's failure to pay Plaintiff's FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

71. As a result of the Defendant's willful and purposeful violations of the FLSA, there have become due and owing to the Plaintiff an amount that has not yet been precisely determined.

72. The employment and work and pay records for the Plaintiff is in the exclusive possession, custody and control of Defendant and its public agencies and the Plaintiff is unable to state at this time the exact amount owing to them, but from these payroll records, Plaintiff will be

able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a).

73. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

74. Plaintiff Johnson (and the FLSA collective members) is/are entitled to recover unpaid overtime wages.

75. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover liquidated damages in an amount equal to her back pay damages for the Defendant's failure to pay overtime compensation.

76. Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

77. Plaintiff Johnson (and the FLSA collective members) has been damaged in an amount to be determined at trial.

## VIII. SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

78. Plaintiff Johnson on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

79. At all times material to Plaintiff's claims, Defendant, by its actions, benefited from, increased its profits, and reduced its costs, by failing to pay Plaintiff all wages due for her work which was performed, including but not limited to overtime hours in excess of 40 hours per workweek at one- and one-half times her regular rate of pay.

80. It is inequitable and unjust for Defendant to reap the benefits of Plaintiff's labor, which includes unpaid overtime hours without paying her.

81. The complete payroll and timekeeping records are in Defendants' possession.

82. Plaintiff is entitled to relief for this unjust enrichment in an amount that equals the benefits unjustly retained by Defendant, plus interest on these amounts.

## IX. THIRD CAUSE OF ACTION: PROMISSORY ESTOPPEL

83. Plaintiff on behalf of herself and those similarly situated, repeat, reiterate, and incorporate each preceding paragraph as if set forth fully herein.

84. Defendant made a clear and unambiguous promise to Plaintiff and those similarly situated to pay for all hours of work and pay time-and-a-half for all overtime hours.

85. Plaintiff, Johnson, and those similarly situated, reasonably relied on Defendant's promise to pay for each hour worked at the correct rate.

86. Plaintiff, Johnson, and those similarly situated, were not paid for all hours worked and, accordingly, sustained damages in an amount to be determined at trial.

87. Plaintiff, and similarly situated employees, have been damaged in an amount to be determined at trial.

## X. DEMAND FOR A JURY TRIAL

88. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands that her, and the Collective's, claims be tried before a jury.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court

a. Enter judgment declaring that the Defendant has willfully and wrongfully violated its statutory obligations, and deprived the Plaintiff, and those similarly situated, of their rights;

b. Order a complete and accurate accounting of all the compensation to which the Plaintiff, and those similarly situated, is/are entitled;

c. Award Plaintiff, and those similarly situated, compensatory relief equal to their unpaid compensation and liquidated damages equal to their unpaid compensation;

d. Award Plaintiff, and those similarly situated, interest on their unpaid compensation;

e. Award Plaintiffs, and those similarly situated, their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action;

f. An award of unpaid overtime compensation and other damages due under common law principles of unjust enrichment and promissory estoppel; and

g. Grant such other relief as may be just and proper.

Dated: June 29, 2021                    Respectfully submitted,

By:  _____/s/ Clifford Tucker_____
Clifford Tucker, Esq.
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2240
Email: CTucker@saccofillas.com
*Attorneys for Plaintiff*